TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0099-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

CHARLES EDWIN JOHNSON                              RESPONDENT

## OPINION AND ORDER

Charles Edwin Johnson, Kentucky Bar Association (KBA) Number 94240, was admitted to the practice of law in the Commonwealth of Kentucky on October 21, 2011. His bar roster address is listed as 316 Williamsburg Lane, Georgetown, Kentucky 40324. In this default case under Supreme Court Rule (SCR) 3.210, the KBA Board of Governors recommends this Court find Johnson guilty of violating SCR 3.130(1.1), two counts of SCR 3.130(1.3), SCR 3.130(1.4)(a)(2), SCR 3.130(1.4)(a)(3), two counts of SCR 3.130(1.4)(a)(4), SCR 3.130(1.5)(a), two counts SCR 3.130(1.16)(d), SCR 3.130(3.3)(a)(1), and three counts of SCR 3.130(8.1)(b) across three separate disciplinary cases. For these violations, the Board recommends that Johnson be suspended from the practice of law in the Commonwealth of Kentucky for 180 days, with 61 days to be served and the remainder 119 days to be probated for two years on the conditions that Johnson: attend and successfully complete the Ethics and

Professionalism Enhancement Program (EPEP); repay the fees received from Judith Clarke, Complainant in KBA File 20-DIS-0033; repay the fees received from Ronald Lasher, Complainant in KBA File 20-DIS-0041; and be required to pay the costs in this action. We agree with and adopt the Board's recommendation.

## I. FACTUAL BACKGROUND

This disciplinary action arises from three separate KBA cases. By this Court's order dated December 17, 2020, under SCR 3.380(2),[1] Johnson was indefinitely suspended from the practice of law in the Commonwealth of Kentucky for failing to answer the charges filed against him. *Kentucky Bar Ass'n v. Johnson*, 612 S.W.3d 209 (Ky. 2020). Because Johnson has continued to fail to respond to the charges, the Board of Governors moves this Court to impose discipline under SCR 3.210.

In our prior Opinion, this Court explained the facts underlying the three KBA cases as follows:

---

[1] SCR 3.380(2) states:

In cases in which the Respondent has failed to answer a charge filed pursuant to Rule 3.200, or having answered, has thereafter declined to participate in the disciplinary process the Court may in its discretion, sua sponte or on motion by the Office of Bar Counsel, suspend the Respondent from the practice of law for an indefinite period of time. Reinstatement following an indefinite suspension imposed under this Rule, may be initiated by motion of the Respondent accounting for the failure to respond and requesting a final determination of the matter, and shall be subject to the reinstatement requirements of SCR 3.510. If respondent fails to seek reinstatement within 5 years, Bar Counsel shall move for permanent disbarment.

## A. KBA File 19-DIS-0239

On July 15, 2014, William C. Adams signed a representation agreement with The Law Offices of Johnson Crump for representation "regarding an Estate Probate Dispute and the attempt to make contact with entities regarding the VA benefits of client's father." Adams agreed to pay Johnson one-third of any judgment or settlement.

In October 2015, Johnson entered his appearance in *Estate of Hiram Adams, et al. v. JPMorgan Chase Bank, N.A., et al.*, Fayette Circuit Court Case Number 15-CI-03176, as co-counsel with his now former law partner, Crump. On May 2, 2016, Johnson entered his appearance in *Estate of Hiram W. Adams*, Fayette District Court, Probate Division, Case Number 12-P-00308. In May 2016, Johnson and Crump dissolved their firm. Adams continued with Johnson as his attorney, but the communication between the two began to break down.

In both March and July 2016, Adams sent certified letters to Johnson from his home address in Ellijay, Georgia. Adams again sent a certified letter to Johnson in September 2018 requesting an update on the case. Johnson signed the return receipt for the letter on or around September 15, 2018, but did not contact Adams. In November 2018, Adams sent another certified letter to Johnson. Johnson personally signed the return receipt on November 15, 2018, but again did not contact Adams.

On February 6, 2019, the Fayette Circuit Court filed a [Kentucky Rule of Civil Procedure] CR 77.02(2) Notice to Dismiss for Lack of Prosecution in the case in that court. JPMorgan Chase Bank filed a combined response to the Notice and a Motion to Dismiss on March 15, 2019. The response noted that the plaintiffs had not taken any action on their claim in sixteen months. Johnson did not inform Adams of these filings or file a response on behalf of Adams. On April 1, 2019, the Fayette Circuit Court entered an Order Dismissing for Lack of Prosecution.

On July 29, 2019, Johnson filed a Motion to Withdraw in the probate case in Fayette District Court. The motion stated that Johnson had not been able to contact Adams for over ten months, that he was not involved in the probate proceedings, and that he had no files or paperwork related to the probate matter. The motion also stated that the circuit court case had been dismissed due to no contact from Adams. The certificate of service in the motion included Adams's former address in Cumming, Georgia,

despite Johnson being on notice of Adams's correct address in Ellijay, Georgia for almost three years. The Fayette District Court granted the motion on August 23, 2019. During the representation, Adams had provided Johnson with multiple boxes of original documents that Johnson did not return after withdrawing from the case.

Based on this conduct, KBA's Inquiry Commission issued a charge against Johnson for violations of SCR 3.130(1.4)(a)(3) for failing to keep Adams reasonably informed, SCR 3.130(1.4)(a)(4) for failing to promptly comply with requests for information, SCR 3.130(1.16)(d) for failing to return file materials and to notify Adams of his withdrawal, SCR 3.130(3.3)(a)(1) for knowingly making a false statement of fact to a tribunal, and SCR 3.130(8.1)(b) for failing to respond to the Bar Complaint. Johnson was personally served with the Bar Complaint by the Scott County Sheriff's Office on January 14, 2020. He was personally served with the Charge by the Scott County Sheriff's Office on September 9, 2020. Johnson failed to respond to either notice.

## B. KBA File 20-DIS-0033

On July 3, 2017, Judith Clarke, in her capacity as executrix of her mother's estate, hired Johnson to assist with probate. She paid him $2,200. On July 6, 2017, Johnson filed initial documents and appeared in *Estate of Virginia Raynor Clarke*, Fayette District Court, Probate Division, Case Number 17-P-00856. On September 7, 2017, the district court issued a Notice of Failure to File Inventory, but Johnson took no action in response to the notice.

Clarke met with Johnson in early 2018 after selling her mother's home. She asked him to prepare a contract concerning a debt between beneficiaries. During the meeting, Johnson assured Clarke that there was no need to close the estate and that it could remain open indefinitely. Johnson did not prepare the requested contract, and Clarke was unable to contact him after that meeting.

Clarke attempted to contact Johnson by telephone, text message, Facebook message, and by leaving notes at his office. She left voicemail messages but eventually received an automated response that the phone could no longer accept messages. Clarke eventually obtained a new address for Johnson, and in October 2018 sent a certified letter to him. The letter was returned, unclaimed, in February 2019.

4

On July 9, 2019, the Fayette District Court issued a second Notice of Failure to File Inventory, followed by a final Notice on August 12, 2019. Johnson did not respond to these notices or contact Clarke. On September 13, 2019, the district court issued a show cause summons to both Clarke and Johnson to appear in Court on October 10, 2019.

Clarke hired another attorney who entered the case and appeared before the court for her in October 2019. Johnson also appeared in court and stated that he had been trying to contact Clarke without success. Clarke's new counsel closed the estate in January 2020, and Clarke filed a bar complaint thereafter.

Based on this conduct, the Inquiry Commission issued a charge against Johnson for violations of SCR 3.130(1.3) for failing to act with diligence, SCR 3.130(1.4)(a)(4) for failing to promptly comply with requests for information, SCR 3.130(1.16)(d) for failing to complete the representation and return the unearned fee, and SCR 3.130(8.1)(b) for failing to respond to the Bar Complaint. Johnson was personally served with the Bar Complaint by the Scott County Sheriff's Office on March 16, 2020. He was personally served with the Charge by the Scott County Sheriff's Office on September 9, 2020. He did not respond to either.

## C. KBA File 20-DIS-0041

In May 2019, Ronald Lasher hired Johnson to assist with estate planning, including drafting a First-Party Special Needs Trust for the benefit of his daughter. Lasher paid Johnson a total of $3,000. Throughout June, July, August, and September 2019 Lasher had contact with Johnson. This contact was primarily through text message.

Lasher scheduled an appointment to meet with Johnson on October 11, 2019, to get the documents Johnson had prepared. Johnson cancelled this appointment due to illness and rescheduled for October 15, 2019. On that date, Johnson sent a text message to Lasher cancelling the appointment due to an emergency. Johnson told Lasher he had notarized the documents, "had witnesses" on them, and would mail them to Lasher. Lasher contacted Johnson when the documents did not arrive. On October 21, 2019, Johnson told Lasher the documents had been returned to him because he had used the wrong zip code and that he would mail them again. When the documents again did not arrive, Lasher contacted Johnson. Johnson told Lasher he was in trial but would

5

drop the documents off at Lasher's home if Lasher had not received them by October 26.

Lasher contacted Johnson on October 26. Johnson told Lasher that he was moving his parents into an apartment but would try to deliver the documents. On October 27, Lasher asked Johnson if he could pick up the documents at Lasher's office the following day. Johnson told Lasher he would send Lasher a text message when he arrived at his office the next day around 2:00 p.m. The next day, at 12:44 p.m., Johnson sent Lasher a text message that he left the documents in a mailbox outside of his office but that he could not meet with Lasher because his son had been in an accident and was in intensive care.

When Lasher reviewed the documents Johnson had prepared, he found several errors. He found spelling errors, as well as incorrect information. The documents named a minor as executor, named a person Lasher did not know in the will, and referred to a joint trust when the trust was not joint. Additionally, Johnson drafted a Third-Party Special Needs Trust instead of the First-Party Special Needs Trust Lasher had requested. Johnson signed at least one of the documents as a witness and notarized the documents without Lasher's signature. Because of the numerous errors, Lasher could not use the documents. Lasher subsequently filed a Bar Complaint against Johnson.

Based on this conduct, the Inquiry Commission issued a charge against Johnson for violations of SCR 3.130(1.1) for failing to provide competent representation, SCR 3.130(1.3) for filing to act with diligence, SCR 3.130(1.4)(a)(2) for failing to reasonably consult with Lasher, SCR 3.130(1.5)(a) for collecting an unreasonable fee, and SCR 3.130(8.1)(b) for failing to respond to the Bar Complaint. Johnson was personally served with the Bar Complaint by the Scott County Sheriff's Office on March 16, 2020. He was personally served with the Charge by the Scott County Sheriff's Office on September 9, 2020. He did not respond to either.

*Id.* at 209-12 (footnotes omitted).

After due deliberation, the Board of Governors voted to find Johnson guilty of violating the Supreme Court Rules as charged, with the vote on all counts except one being unanimous. The Board voted unanimously in favor of a 180-day suspension, with 61 days to serve and

6

the remainder 119 days probated for two years on the conditions Johnson complete the EPEP; repay fees to two of his former clients; and pay the costs associated with this action.

## II. PRIOR DISCIPLINE

Johnson has no prior disciplinary cases. His only prior suspension is the indefinite suspension he is currently under for failing to answer the charges filed against him in this case. This suspension was effective on December 27, 2020, and he remains suspended as of this date.

## III. AGGRAVATING FACTORS CONSIDERED BY THE BOARD

The known applicable aggravating factors include substantial experience in the practice of law; a pattern of misconduct; misrepresentation to the court; and bad faith obstruction of the disciplinary process by intentionally failing to comply with rules or orders of the disciplinary agency. There are no known mitigating factors.

## IV. ANALYSIS

Due to Johnson's failure to respond to the current charges, the Commission submitted the matter to the Board of Governors under SCR 3.210(1). The Board found Johnson guilty on all counts. The Board unanimously recommends that Johnson be suspended for 180 days, with 61 days to serve and the remainder 119 days probated for two years on the conditions Johnson complete the EPEP; repay fees to two of his former clients, and pay the costs associated with this action.

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Johnson's guilt. Johnson has not filed a notice to this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8). Accordingly, the decision of the Board is adopted under SCR 3.370(9).

For the foregoing reasons, it is hereby ORDERED:

1. Charles Edwin Johnson is found guilty of violating SCR 3.130(1.1), two counts of SCR 3.130(1.3), SCR 3.130(1.4)(a)(2), SCR 3.130(1.4)(a)(3), two counts of SCR 3.130(1.4)(a)(4), SCR 3.130(1.5)(a), two counts SCR 3.130(1.16)(d), SCR 3.130(3.3)(a)(1), and three counts of SCR 3.130(8.1)(b); and

2. Charles Edwin Johnson is suspended from the practice of law in the Commonwealth of Kentucky for 180 days, with 61 days to be served and the remainder 119 days to be probated for two years on the following conditions:

   a. Johnson must attend and successfully complete the Ethics and Professionalism Enhancement Program (EPEP);

   b. Johnson must repay fees received from Judith Clarke, the Complainant in KBA File 20-DIS-0033, in the amount of $2,200;

   c. Johnson must repay fees received from Ronald Lasher, the Complainant in KBA File 20-DIS-0041, in the amount of $3,000; and

d. In accordance with SCR 3.450, Johnson is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $679.45, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 17, 2021.

_____
CHIEF JUSTICE MINTON